```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
YAN CHEN,                                                   :     **MEMORANDUM DECISION**
                                                            :     **AND ORDER**
                                         Plaintiff,         :
                                                            :      17-cv-7157 (BMC)
                   - against -                              :
                                                            :
KIRSTJEN NIELSEN, Secretary of U.S.                         :
Department of Homeland Security; LEE                        :
CISSNA, Director of U.S. Citizenship and                    :
Immigration Services; and DAVID ROARK,                      :
Director of U.S. Citizenship and Immigration                :
Services Texas Service Center,                              :
                                                            :
                                         Defendants.        :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff, an immigrant with asylee status, brought this case under the Mandamus Act, 28 U.S.C. § 1361, the All Writs Act, 28 U.S.C. § 1651, and the Administrative Procedure Act, 5 U.S.C. § 706(a), seeking a writ of mandamus or, alternatively, declaratory or injunctive relief compelling defendants, who are officials of the immigration authorities, to adjudicate her application for an adjustment of her immigration status to permanent resident. Before me is defendants' motion to dismiss, or, in the alternative, for summary judgment. Plaintiff did not oppose. Plaintiff has no legal right to relief and, on the facts before me, the delay may be explained at least in part by the serious questions of fraud surrounding her asylee status, which the authorities are presently pursuing. Defendants' motion is therefore granted.

**BACKGROUND**

The complaint recites that plaintiff was granted asylee status on July 31, 2012. Just over one year after receiving asylum, on August 12, 2013, plaintiff filed an I-485 application to adjust her status to permanent resident.

The Government's review of plaintiff's immigration file shows additional facts, however, to which the complaint does not refer. Specifically, the lawyer who prepared plaintiff's original asylum application, and a paralegal in his office, have been convicted of federal immigration fraud charges. The United States Customs and Immigrations Service concluded that plaintiff obtained asylum through the fraudulent conduct of her lawyer. As a result, approximately three weeks ago, Immigrations and Customs Enforcement (ICE) moved the Immigration Court to reopen plaintiff's removal proceedings and terminate her asylee status.

**DISCUSSION**

The strict requirements for mandamus relief are well established. They are: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989) (citation and internal quotation marks omitted).

The APA, in turn, provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). It further provides that courts shall "compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1). Such a claim "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004). To determine whether an agency's adjudication delay is reasonable under the APA, courts regularly

apply the six factors set forth in Telecommunications Research & Action Center v. FCC, 750

F.2d 70 (D.C. Cir. 1984) (the "TRAC factors"). They are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable . . . in the enabling statute . . . [it] may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) . . . the effect of expediting delayed action on agency activities of a higher or competing priority; (5) . . . the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

Families for Freedom v. Napolitano, 628 F. Supp. 2d 535, 540 (S.D.N.Y. 2009) (quoting id. at

80).

In applying the "competing priority" TRAC factor, the D.C. Circuit has held that it is

appropriate to "refuse[] to grant relief, even though all the other factors considered in TRAC

favor[] it, where a judicial order putting the petitioner at the head of the queue would simply

move all others back one space and produce no net gain." Mashpee Wampanoag Tribal Council,

Inc. v. Norton, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (quoting In re Barr Labs., Inc., 930 F.2d

72, 75 (D.C. Cir. 1991)) (internal quotation marks omitted). The Court in Mashpee noted that

there was "no evidence the agency had treated the petitioner differently from anyone else, or that

officials not working on [the petitioner]'s matters were just twiddling their thumbs." Id. at 1100-

01. The Court approvingly noted that the district court recognized this concern when it found

that "[n]ot only must [the agency] juggle competing duties . . . but the injury claimed by [the

plaintiff] is applicable to all groups petitioning for [the same relief]." Id. at 1101 (quoting, 180

F. Supp. 2d at 136 (D.D.C. 2001)).

Putting aside for the moment the overlay of fraud that covers this case, the mere delay of

roughly four and a half years is an inadequate ground to grant either mandamus or APA relief.

Numerous cases have so concluded, including some from this Court.  See Hoo Loo v. Ridge, No. 04-CV-5553, 2007 WL 813000, at *4 (E.D.N.Y. Mar. 14, 2007); Espin v. Gantner, 381 F. Supp. 2d 261, 266 (S.D.N.Y. 2005); Saleh v. Ridge, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005).  In addition, as I have noted elsewhere, see Pesantez v. Johnson, No. 15-CV-1155, 2015 WL 5475655, at *4 (E.D.N.Y. Sept. 17, 2015), the competing-priority issue is weighty.  There are many other applicants who have waited even longer than plaintiff; to grant her priority is to push them further back in line when the only difference between them is that plaintiff has brought a federal lawsuit.  That factor should not give her any advantage.

But there is much more going on here.  ICE has specifically accused plaintiff of fraud, or at least of being a beneficiary of fraud, and is seeking to place her back in removal proceedings.  It is fundamental that this Court has no jurisdiction to compel action in immigration cases while the plaintiff is in removal proceedings.  See 8 U.S.C. § 1252(g).  Although this Court has not yet been divested of jurisdiction over this case, that looming possibility cautions this Court against intruding on the application process.

The present case is therefore premature.  Plaintiff is not entitled to any relief based on the amount of time that has elapsed since her application, and the pending fraud motion explains why her application may take more time than the usual case.

## CONCLUSION

Defendants' motion to dismiss is granted. The Clerk is directed to enter judgment dismissing the complaint.

**SO ORDERED.**

                                      U.S.D.J.

Dated: Brooklyn, New York
       March 7, 2018